THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO:_____

MICKEY LEE BISSETTE, JR.,

     Plaintiff,

v.

RAIN & HAIL, L.L.C. and ACE
PROPERTY AND CASUALTY
INSURANCE COMPANY,

     Defendant.

**NOTICE OF REMOVAL**
28 U.S.C. §§ 1331, 1332, 1441, 1446

Defendant, Rain & Hail, L.L.C. and Ace Property and Casualty Insurance Company, (hereinafter "Ace"), hereby give this Court notice of removal pursuant to 7 U.S.C. § 1506 and 28. U.S.C. §§ 1331, 1332, 1441 and 1446. As the basis for the removal, Defendants state the following:

1.     This action was filed by plaintiff, Mickey Lee Bissette, Jr. in the General Court of Justice, Superior Court Division, of Nash County, North Carolina on December 14, 2009.

2.     Plaintiff is a citizen and resident of Nash County, North Carolina.

3.     Defendant Rain & Hail, L.L.C. is a limited liability company incorporated in the State of Iowa with its principal place of business in Iowa.

4.     Defendant Ace is a foreign corporation incorporated in the State of Pennsylvania, with its principal place of business in the State of Pennsylvania.

5.     Defendant Rain & Hail, L.L.C. was served with Summons and Complaint in this matter on January 4, 2010.

6.     This action was served upon Ace through the Insurance Commissioner on January 4, 2010.

7. The matter in controversy arises from a dispute involving the coverage provided by a policy of crop insurance, allegedly sold to the plaintiff by one or more of the defendants and, upon information and belief, the matter in controversy between the plaintiff and defendants exceeds the sum or value of $75,000, exclusive of interest and costs.

8. The policy of insurance at issue was sold in accordance with 7 U.S.C. § 1501 et seq., the Federal Crop Insurance Act (the "Act") and was reinsured by the Federal Crop Insurance Corporation ("FCIC") as authorized by 7 U.S.C. § 1501 et seq. 7 C.F.R. Chapter IV.

9. Pursuant to the provisions of 7 U.S.C. § 1501 et seq. 7 C.F.R. Chapter IV, and 28 U.S.C. § 1331, the District Courts of the United States have original jurisdiction over disputes arising from policies of insurance issued pursuant to or in accordance with the Act.

10. This action is removed pursuant to 28 U.S.C. § 1332 and 1441 as there is diversity of citizenship between the parties as they are citizens of different states and because it involves a federal question pursuant to U.S.C. § 1331.

11. Attached hereto is a copy of all process, pleadings and orders served upon these defendants in the aforementioned action.

Respectfully submitted, this the 2nd day of February, 2010.

/s/ Derek M. Crump
NC State Bar No. 15818
Attorney for Defendants
Brown, Crump, Vanore & Tierney, L.L.P.
P.O. Box 1729
Raleigh, NC 27602
Telephone: (919) 835-0909
Facsimile: (919) 835-0915
Email: dcrump@bcvtlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. Notification of such filing was given to the following by CM/ECF system to those registered, or by mailing a copy of the same by U.S. Mail, postage paid, to parties who are not registered to received a Notice of Electronic Filing for this case:

> G. Paul Duffy, Jr.
> Keel, Lassiter, Duffy & Sperati, PLLC
> PO Box 4307
> Rocky Mount, NC 27803-4307
> *Attorney for Plaintiff*

This the 2<u>nd</u> day of February, 2010.

/s/ Derek M. Crump
NC State Bar No. 15818
Attorney for Defendants
Brown, Crump, Vanore & Tierney, L.L.P.
P.O. Box 1729
Raleigh, NC 27602
Telephone: (919) 835-0909
Facsimile: (919) 835-0915
Email: dcrump@bcvtlaw.com

-3-



CORPORATION SERVICE COMPANY

# Notice of Service of Process

**Primary Contact:** Michael J. Davenport
AGRI General Insurance Company
9200 Northpark Drive
Suite 350
Johnston, IA 50131-2983

**Copy of transmittal only provided to:** Susan Malloy
Brad Meyer
Nicole Horak

| | |
|---|---|
| **Entity:** | Rain And Hail L.L.C. |
| | Entity ID Number 1663827 |
| **Entity Served:** | Rain & Hail, L.L.C. |
| **Title of Action:** | Mickey Lee Bissette, Jr. vs. Rain & Hail, L.L.C. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Nash County Superior Court, North Carolina |
| **Case Number:** | 09-CVS-2600 |
| **Jurisdiction Served:** | North Carolina |
| **Date Served on CSC:** | 01/04/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | G. Paul Duffy, Jr. |
| | 252-977-1050 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# STATE OF NORTH CAROLINA

_____ NASH _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name Of Plaintiff
Mickey Lee Bissette, Jr.

Address

City, State, Zip

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS**

G.S. 1A-1, Rules 3, 4

### VERSUS

Name Of Defendant(s)

Rain & Hail· L.L.C. and Ace Propery
and Casualty Insurance Company

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

Name And Address Of Defendant 1
Rain and Hail L.L.C.
c/o Corporation Service Company, Registered Agent
327 Hillsborough Street
Raleigh NC 27601

Name And Address Of Defendant 2

COPY

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)
G. Paul Duffy, Jr.
P.O. Box 4307
Rocky Mount NC 27803-4307

Date Issued
*12 -14·09*

Time
*12:02*  ☐ AM ☒ PM

Signature
*[signature]*

☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement

Time  ☐ AM ☐ PM

Signature

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

NORTH CAROLINA

NASH COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
09-CVS-*2600*

MICKEY LEE BISSETTE, JR.,
          Plaintiff
      vs

RAIN & HAIL L.L.C. AND ACE PROPERTY
AND CASUALTY INSURANCE COMPANY,
          Defendants

)
)
)
)
)
)
)
)

COMPLAINT



Plaintiff, complaining of the defendants, alleges and says:

1.

Mickey Lee Bissette, Jr. is a citizen and resident of Nash County, North Carolina.

2.

Defendant Rain & Hail LLC (hereinafter "Rain & Hail") is an Iowa limited liability company authorized to do business and is doing business in North Carolina.

3.

Defendant Ace Property and Casualty Insurance Company (hereinafter "Ace") is an insurance company authorized to do business and is doing business in North Carolina.

4.

In 2005, a company named M. L. Bissette and Sons, LLC (hereinafter "Bissette and Sons") was the owner of a sweet potato crop and other crops located in Nash County, North Carolina.

5.

This company had purchased multiple peril crop insurance through defendants for its sweet potato crop through the Federal Crop Insurance Program of the United States Department of Agriculture.

6.

Prior to the harvesting of this sweet potato crop there was a crop inspection performed by an agent of the defendant insurance company.

7.

That agent estimated the production yield from that crop as normal, but when the actual yield was harvested, there was a huge deficiency in production due to disaster related stress.

8,

At that time, the defendant insurance company denied the claim of Bissette and Sons and refused payment for its crop loss.

9.

Due to the refusal to pay for that loss, Bissette and Sons suffered financially and was unable to secure operating funds for the year of 2006 and therefore was unable to farm, and so Bissette and Sons, LLC transferred all its farming operations, including its multiple crop insurance policy with defendants and its right to indemnity under this policy, all as allowed by law, to the plaintiff, who had no ownership interest in Bissette and Sons,

LLC. Defendants were given proper notice of this transfer and acknowledged the same in their documentation.

FIRST CLAIM FOR RELIEF

10.

Paragraphs 1 through 9 are incorporated and realleged herein.

11.

Plaintiff then proceeded to engage in these farming operations for the year of 2006 and felt confident his crops were adequately insured through the federal crop insurance program as Bissette and Sons, LLC had previously been insured.

12.

Plaintiff's crops for that crop year were subsequently severely affected by a windstorm and then a severe drought.

13.

These risks, which are covered by multiple peril crop insurance, resulted in a severe loss of crop production for the plaintiff, requiring him to make a claim for payment pursuant to the aforesaid crop insurance policy. This claim was made properly and in good faith and plaintiff complied with all the terms and conditions precedent of said crop insurance policy and at all times was ready, willing and able to settle his claim with defendants.

14.

The defendants then denied coverage to the plaintiff and cited as a reason that because Bissette and Sons, LLC was

-3-

delinquent on its premium for the 2005 crop insurance policy, the plaintiff was therefore on the ineligible list for crop insurance as being a part owner of Bissette and Sons.

15.

Plaintiff and his representative immediately notified defendants that plaintiff was not the same entity as Bissette and Sons, LLC, and in fact, had no ownership's interest at all in Bissette and Sons and therefore should obviously be eligible for crop insurance coverage pursuant to the federal crop insurance program.

16.

Plaintiff and his representatives supplied defendants with all the documents necessary to evidence this fact as set out in the preceding paragraph.

17.

This particular fact as disclosed by plaintiff and his representative was so patently obvious and/or so easy to verify that failure to do so constituted a willful and wanton refusal and rose to the level of gross, willful and wanton negligence.

18.

Despite the protestations of the plaintiff and his representative, defendants continued to deny coverage under the crop insurance policy to the plaintiff, even though there was no basis to do so, causing plaintiff to suffer great financial hardships and he was unable to farm for the crop year of 2007.

-4-

19.

Due to plaintiff's appeal of this denial of coverage, he was finally paid for his crop loss in 2007 by defendants, but this payment was much too late to prevent plaintiff from suffering substantial financial damages, from which he has never recovered.

20.

Defendants were responsible for plaintiff's financial damages due to their wilfull refusal to investigate and then pay plaintiff's legitimate and valid claim in a timely manner, despite the fact that plaintiff had made all of the information necessary to justify payment available to defendants for months before they eventually decided to pay his claim.

21.

The refusal of defendants to fully investigate, negotiate or settle plaintiff's claim constitutes such a degree of negligence as to indicate a reckless indifference to the consequences of this refusal to the plaintiff and therefore has been in bad faith and a breach of the covenant of good faith and fair dealing, and the wantonness and willfulness with which this refusal was undertaken, constitutes maliciousness on the part of the defendants and has been a misuse of power and authority tantamount to outrageous conduct.

22.

The defendants refused to pay plaintiff's claim despite the fact that they had previously made the decision to pay Bissette

-5-

& Sons, LLC's claim, thereby rendering their refusal to pay plaintiff's claim completely groundless and totally indefensible, and yet they still refused to pay, even though there was absolutely no justification to do so.

23.

The defendants by their refusal to pay plaintiff, willfully violated the terms of their own policy of crop insurance.

24.

Defendants' intentional refusal and unreasonable delay in paying plaintiff was unwarranted, intentional and constituted a bad faith refusal to investigate and to pay a claim pursuant to North Carolina law, specifically N.C.G.S. §58-63-15(11)b; 58-63-(11)c; 58-63-15(11)d; 58-63-15(11)f and 58-63-15(11)m.

25.

Plaintiff was damaged by this bad faith refusal on the part of defendants in excess of the sum of $10,000.00.

SECOND CLAIM FOR RELIEF

26.

Paragraphs 1 through 25 are incorporated and realleged herein.

27.

Defendants' refusal to make even the slightest effort to investigate or settle plaintiff's claim for an unreasonable period of time was an absolutely unfair and deceptive act or practice,

-6-

which was done with an intentional and concerted effort to deny plaintiff's rights.

28.

Defendants' activities in providing crop insurance constituted a business activity which by its very nature affected commerce.

29.

Defendants activities as described violated Chapter 75 of the North Carolina General Statutes, as well as NCGS 58-63-15, and particularly NCGS 58-63-15(11).

30.

That defendants engage in these prohibited acts with such frequency as to indicate a general practice.

31.

Defendants' acts as alleged hereinabove have caused significant actual injury to the plaintiff.

WHEREFORE, plaintiff prays the court:

a.  For judgment in his favor against defendants, jointly and severally, in excess of $10,000.00 as the evidence reveals in court.

b.  That this judgment be trebled as allowed by North Carolina Law.

c.  For punitive damages against defendants, jointly and severally, in some amount to be determined by the court.

-7-

d.   For judgment against defendants, jointly and severally, for his reasonable attorney's fees and costs as may be allowed by North Carolina law, and particularly NCGS 75-16.1.

e.   That interest on the total judgment be allowed from the date of filing of this action.

f.   And for such other and further relief as the court deems proper and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

This the ___9th___ day of December, 2009.

KEEL, LASSITER, DUFFY & SPERATI, PLLC

BY: _____
G. Paul Duffy, Jr.
Attorneys for Plaintiff
P.O. Box 4307
Rocky Mount NC 27803-4307
Telephone (252) 977-1050

-8-

**KEEL, LASSITER, DUFFY & SPERATI,**
ATTORNEYS AT LAW
120 N. FRANKLIN STREET
SUITE A
POST OFFICE BOX 4307
ROCKY MOUNT, NORTH CAROLINA 27803-4307

7006 3450 0002 6469 1377

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 005.71⁰
0003102266 DEC 29 2009
MAILED FROM ZIP CODE 27804

Rain & Hall L.L.C.
c/o Corporation Service Company, Registered Agent
327 Hillsborough Street
Raleigh NC 27609

# North Carolina
## DEPARTMENT OF INSURANCE

### SERVICE OF PROCESS

Mickey Lee Bissette, Jr.

   vs

ACE Property and Casualty Insurance Company .

   I, Faye G. Nall, a Special Deputy duly appointed for the purpose, do hereby accept service of the within Civil Summons and acknowledge receipt of a copy of the same, together with a copy of the Complaint, under the provisions of North Carolina General Statute Section 58-16-30 as process agent for ACE Property and Casualty Insurance Company.

   This the 4th day of January, 2010.

                    WAYNE GOODWIN
                    Commissioner of Insurance

                    *Faye G Nall*
                    Faye G. Nall
                    Special Deputy for
                    Service of Process

*1201 Mail Service Center | Raleigh, NC 27699-1201 | tel: 919.716.6610  fax: 919.716.6757 | www.ncdoi.com*
*An Equal Opportunity/Affirmative Action Employer*

Case 5:10-cv-00040-D   Document 1   Filed 02/02/10   Page 16 of 26

# STATE OF NORTH CAROLINA

_____NASH_____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

*Name Of Plaintiff*
Mickey Lee Bissette, Jr.

*Address*

*City, State, Zip*

### CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS**

G.S. 1A-1, Rules 3, 4

**VERSUS**

*Name Of Defendant(s)*
Rain & Hail L.L.C. and Ace Property
and Casualty Insurnace Company

*Date Original Summons Issued*

*Date(s) Subsequent Summons(es) Issued*

**To Each Of The Defendant(s) Named Below:**

*Name And Address Of Defendant 1*
Ace Property and Casualty Insurance Company
c/o Wayne Goodwin, Insurance Commissioner
NC Department of Insurance
Raleigh NC

*Name And Address Of Defendant 2*

COPY

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*
G. Paul Duffy, Jr.
P.O. Box 4307
Rocky Mount NC 27803-4307

*Date Issued*
12-14-09

*Time*
12:02 ☐ AM ☒ PM

*Signature*

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

*Date Of Endorsement*

*Time*
☐ AM ☐ PM

*Signature*

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

RECEIVED
JAN 0 8 2010
ACE INCOMING LEGAL

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

NORTH CAROLINA

NASH COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
09-CVS-2600

MICKEY LEE BISSETTE, JR.,
        Plaintiff
    vs

RAIN & HAIL L.L.C. AND ACE PROPERTY
AND CASUALTY INSURANCE COMPANY,
        Defendants

)
)
)
)
)
)
)

COMPLAINT



Plaintiff, complaining of the defendants, alleges and says:

1.

Mickey Lee Bissette, Jr. is a citizen and resident of Nash County, North Carolina.

2.

Defendant Rain & Hail LLC (hereinafter "Rain & Hail") is an Iowa limited liability company authorized to do business and is doing business in North Carolina.

3.

Defendant Ace Property and Casualty Insurance Company (hereinafter "Ace") is an insurance company authorized to do business and is doing business in North Carolina.

4.

In 2005, a company named M. L. Bissette and Sons, LLC (hereinafter "Bissette and Sons") was the owner of a sweet potato crop and other crops located in Nash County, North Carolina.

5.

This company had purchased multiple peril crop insurance through defendants for its sweet potato crop through the Federal Crop Insurance Program of the United States Department of Agriculture.

6.

Prior to the harvesting of this sweet potato crop there was a crop inspection performed by an agent of the defendant insurance company.

7.

That agent estimated the production yield from that crop as normal, but when the actual yield was harvested, there was a huge deficiency in production due to disaster related stress.

8,

At that time, the defendant insurance company denied the claim of Bissette and Sons and refused payment for its crop loss.

9.

Due to the refusal to pay for that loss, Bissette and Sons suffered financially and was unable to secure operating funds for the year of 2006 and therefore was unable to farm, and so Bissette and Sons, LLC transferred all its farming operations, including its multiple crop insurance policy with defendants and its right to indemnity under this policy, all as allowed by law, to the plaintiff, who had no ownership interest in Bissette and Sons,

-2-

LLC. Defendants were given proper notice of this transfer and acknowledged the same in their documentation.

FIRST CLAIM FOR RELIEF

10.

Paragraphs 1 through 9 are incorporated and realleged herein.

11.

Plaintiff then proceeded to engage in these farming operations for the year of 2006 and felt confident his crops were adequately insured through the federal crop insurance program as Bissette and Sons, LLC had previously been insured.

12.

Plaintiff's crops for that crop year were subsequently severely affected by a windstorm and then a severe drought.

13.

These risks, which are covered by multiple peril crop insurance, resulted in a severe loss of crop production for the plaintiff, requiring him to make a claim for payment pursuant to the aforesaid crop insurance policy. This claim was made properly and in good faith and plaintiff complied with all the terms and conditions precedent of said crop insurance policy and at all times was ready, willing and able to settle his claim with defendants.

14.

The defendants then denied coverage to the plaintiff and cited as a reason that because Bissette and Sons, LLC was

-3-

delinquent on its premium for the 2005 crop insurance policy, the plaintiff was therefore on the ineligible list for crop insurance as being a part owner of Bissette and Sons.

15.

Plaintiff and his representative immediately notified defendants that plaintiff was not the same entity as Bissette and Sons, LLC, and in fact, had no ownership's interest at all in Bissette and Sons and therefore should obviously be eligible for crop insurance coverage pursuant to the federal crop insurance program.

16.

Plaintiff and his representatives supplied defendants with all the documents necessary to evidence this fact as set out in the preceding paragraph.

17.

This particular fact as disclosed by plaintiff and his representative was so patently obvious and/or so easy to verify that failure to do so constituted a willful and wanton refusal and rose to the level of gross, willful and wanton negligence.

18.

Despite the protestations of the plaintiff and his representative, defendants continued to deny coverage under the crop insurance policy to the plaintiff, even though there was no basis to do so, causing plaintiff to suffer great financial hardships and he was unable to farm for the crop year of 2007.

-4-

19.

Due to plaintiff's appeal of this denial of coverage, he was finally paid for his crop loss in 2007 by defendants, but this payment was much too late to prevent plaintiff from suffering substantial financial damages, from which he has never recovered.

20.

Defendants were responsible for plaintiff's financial damages due to their wilfull refusal to investigate and then pay plaintiff's legitimate and valid claim in a timely manner, despite the fact that plaintiff had made all of the information necessary to justify payment available to defendants for months before they eventually decided to pay his claim.

21.

The refusal of defendants to fully investigate, negotiate or settle plaintiff's claim constitutes such a degree of negligence as to indicate a reckless indifference to the consequences of this refusal to the plaintiff and therefore has been in bad faith and a breach of the covenant of good faith and fair dealing, and the wantonness and willfulness with which this refusal was undertaken, constitutes maliciousness on the part of the defendants and has been a misuse of power and authority tantamount to outrageous conduct.

22.

The defendants refused to pay plaintiff's claim despite the fact that they had previously made the decision to pay Bissette

-5-

& Sons, LLC's claim, thereby rendering their refusal to pay plaintiff's claim completely groundless and totally indefensible, and yet they still refused to pay, even though there was absolutely no justification to do so.

### 23.

The defendants by their refusal to pay plaintiff, willfully violated the terms of their own policy of crop insurance.

### 24.

Defendants' intentional refusal and unreasonable delay in paying plaintiff was unwarranted, intentional and constituted a bad faith refusal to investigate and to pay a claim pursuant to North Carolina law, specifically N.C.G.S. §58-63-15(11)b; 58-63-(11)c; 58-63-15(11)d; 58-63-15(11)f and 58-63-15(11)m.

### 25.

Plaintiff was damaged by this bad faith refusal on the part of defendants in excess of the sum of $10,000.00.

### SECOND CLAIM FOR RELIEF

### 26.

Paragraphs 1 through 25 are incorporated and realleged herein.

### 27.

Defendants' refusal to make even the slightest effort to investigate or settle plaintiff's claim for an unreasonable period of time was an absolutely unfair and deceptive act or practice,

-6-

which was done with an intentional and concerted effort to deny plaintiff's rights.

28.

Defendants' activities in providing crop insurance constituted a business activity which by its very nature affected commerce.

29.

Defendants activities as described violated Chapter 75 of the North Carolina General Statutes, as well as NCGS 58-63-15, and particularly NCGS 58-63-15(11).

30.

That defendants engage in these prohibited acts with such frequency as to indicate a general practice.

31.

Defendants' acts as alleged hereinabove have caused significant actual injury to the plaintiff.

WHEREFORE, plaintiff prays the court:

a. For judgment in his favor against defendants, jointly and severally, in excess of $10,000.00 as the evidence reveals in court.

b. That this judgment be trebled as allowed by North Carolina Law.

c. For punitive damages against defendants, jointly and severally, in some amount to be determined by the court.

-7-

d. For judgment against defendants, jointly and severally, for his reasonable attorney's fees and costs as may be allowed by North Carolina law, and particularly NCGS 75-16.1.

e. That interest on the total judgment be allowed from the date of filing of this action.

f. And for such other and further relief as the court deems proper and just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

This the 9+H day of December, 2009.

KEEL, LASSITER, DUFFY & SHERATI, PLLC

BY: _____

G. Paul Duffy, Jr.
Attorneys for Plaintiff
P.O. Box 4307
Rocky Mount NC 27803-4307
Telephone (252) 977-1050

-8-